IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CARLOS GONÁLEZ MAGALLÓN, Consul General of Mexico and Next Friend of Angel Maturino Resendiz, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-06-818 |
| BRAD LIVINGSTON, *et al.*, | § § § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

Carlos González Magallón, the Consul General of Mexico ("the Consul General"), has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 as the "next friend" of Angel Maturino Resendiz ("Resendiz"), a Texas death row inmate. The Consul General argues that the Texas lethal-injection protocol violates the Eighth Amendment's protection against cruel and unusual punishments. The defendants have filed a motion to dismiss, arguing that federal precedent forecloses relief on the Consul General's complaint. For the reasons discussed below, this court grants the defendants' motion and dismisses this case with prejudice.

Resendiz was convicted of capital murder and sentenced to death in May 2000. The Texas Court of Criminal Appeals affirmed his conviction and sentence on direct review. *Resendiz v. State*, 112 S.W.3d 541 (Tex. Crim. App. 2003). The Supreme Court denied certiorari review on May 3, 2004. *Resendiz v. Texas*, 124 S. Ct. 2098 (2004). Resendiz

sought state habeas review concurrent to his direct appeal. The Court of Criminal Appeals denied state habeas relief on March 3, 2004. *Ex parte Resendiz*, No. 58,172, 2004 WL 885742 (Tex. Crim. App. 2004) (unpublished).

Resendiz filed a federal petition for a writ of habeas corpus on May 3, 2005. *Resendiz v. Dretke*, No. 05-CV-1604 (S.D. Tex.). On September 7, 2005, this court denied habeas relief, dismissed Resendiz's petition, and declined to certify any issue for appellate review. Resendiz's court-appointed counsel, Leslie Michael Ribnik, failed to file a timely notice of appeal from this court's final judgment. Robert C. Owen agreed to represent Resendiz to attempt appellate review of the federal habeas action. Resendiz's appeal from this court's refusal to extend the time to appeal remains pending in the Fifth Circuit Court of Appeals. *Resendiz v. Dretke*, No. 05-70058 (5th Cir.).

In December 2005, Texas set Resendiz's execution for May 10, 2006. On March 10, 2006, two months before Resendiz's initial execution date, the Consul General filed the instant lawsuit. The State of Texas has recently reset Resendiz's execution date for June 27, 2006, apparently to allow time for psychiatric evaluation.

The Consul General's complaint objects to the chemicals Texas uses in its execution protocol. The Texas statute governing lethal injection states that the executioner will carry out a capital inmate's sentence, but does not prescribe specific substances for use in the execution. *See* TEX. CODE CRIM. PRO. art. 43.14. The Consul General objects to Texas's use of a three-drug combination of sodium thiopental or sodium penotothal, pancuronium bromide or Pavolon, and potassium chloride. The Consul General alleges that the

combination of these drugs temporarily sedates and then paralyzes a prisoner, which could mask the potentially excruciating pain during the cardiac arrest that follows.  The Consul General argues that this risk of pain is unnecessary to the implementation of the execution process.  The Consul General asks this court to stay Resendiz's execution and to enjoin Texas from using its current protocol.

The defendants argue that the Consul General's complaint is procedurally and substantively defective.  First, the defendants argue that the Consul General has no standing to enforce Resendiz's rights.  Second, the defendants contend that the Consul General's failure to file this suit until Resendiz's execution was imminent prevents this court from considering the merits of the constitutional challenge.  Finally, the defendants urge that the Texas lethal injection protocol complies with the Constitution.

In response to the defendants' challenge to his standing, the Consul General justifies his role as Resendiz's "next friend" as follows: "unlike the prisoners in [prior Fifth Circuit lethal injection cases] Mr. Maturino Resendiz was not able to handle his own affairs and from the time his conviction became final until shortly before he filed this action he was represented by court appointed counsel who, it is now apparent, was not acting in his interests."  (Docket Entry No. 10 at 8).  The Consul General argues that Resendiz's mental state, which has been at issue throughout his legal proceedings, prevents his execution and warrants the Consul General's status as Resendiz's "next friend" under Rule 17(c) of the Federal Rules of Civil Procedure.

"The burden is on the 'next friend' clearly to establish the propriety of his status and

thereby justify the jurisdiction of the court." *Whitmore v. Arkansas*, 110 S. Ct. 1717, 1727 (1990). Under Rule 17(c),

> [w]henever an infant or incompetent person has a representative, such as a general guardian, committee, conservator, or other like fiduciary, the representative may sue or defend on behalf of the infant or incompetent person. An infant or incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court shall appoint a guardian ad litem for an infant or incompetent person not otherwise represented in an action or shall make such other order as it deems proper for the protection of the infant or incompetent person.

FED. R. CIV. P 17(c). Rule 17(c) does not require the appointment of a guardian ad litem or "next friend" if the incompetent person's "interests are otherwise adequately represented and protected[.]" *Adelman on Behalf of Adelman v. Graves*, 747 F.2d 986, 989 (5th Cir. 1984); *see also Krain v. Smallwood*, 880 F.2d 1119, 1121 (9th Cir. 1989) ("[T]he court may find that the incompetent person's interests would be adequately protected by the appointment of a lawyer."); *Westcott v. United States Fidelity & Guaranty Co.*, 158 F.2d 20, 22 (4th Cir. 1946) (affirming judgment against minor who was represented by an attorney but not a guardian ad litem).

In essence, the Consul General argues that neither he nor Resendiz could have filed a lethal-injection challenge earlier because of Resendiz's incompetence and his former counsel's deficient representation. The problem with this argument is that capable legal counsel agreed to represent Resendiz when his failure to file a timely appeal was discovered. Competent counsel is now trying to obtain appellate review of Resendiz's initial habeas

action.[1] The Consul General's argument does not excuse the belated assertion of this suit. The Consul General provides no justification for "next friend" standing when a competent attorney represents Resendiz.

Nothing in the documentation the Consul General supplies suggests that, even considering the evidence of mental illness, Resendiz lacks the ability to understand the nature of the legal proceedings brought in his behalf or to communicate with his attorney.[2] None of the medical opinions the Consul General cites conclude that Resendiz cannot consult with a lawyer with a reasonable degree of rational understanding. The proffered evidence bears on Resendiz's ability to comprehend the finality of his death, not a present incapacity to understand legal proceedings. Moreover, Resendiz's mental state remains in dispute and presently is under examination in state court. A federal declaration of incompetency, on this record, is premature and inappropriate, but the information submitted does not justify the Consul General's requested "best friend" status.

In addition, the timing of this lawsuit requires this court to consider Fifth Circuit precedent refusing to consider the merits of a death row inmate's legal challenge when the inmate has "'delayed unnecessarily in bringing his claim.'" *Harris v. Johnson*, 376 F.3d 414, 416 (5th Cir. 2004) (quoting *Nelson v. Campbell*, 124 S. Ct. 2117, 2126 (2004)); *see also*

---

[1] Unlike the situation in *Zaro v. Strauss*, 167 F.2d 218, 220 (5th Cir. 1948), where the Fifth Circuit found that the representation by the defendant's attorney did not comply with Rule 17(c), nothing in the record before this Court questions the adequacy of the representation provided by Resendiz's current counsel.

[2] In fact, the Consul General submits an affidavit from Resendiz's current attorney that lacks any mention of a communication problem.

*Smith v. Johnson*, 440 F.3d 262, 263 (5th Cir. 2006); *Neville v. Johnson*, 440 F.3d 221, 222 (5th Cir. 2006); *White v. Johnson*, 429 F.3d 572, 574 (5th Cir. 2005).[3] The Fifth Circuit strongly discourages the filing of such lawsuits after an execution date is set. The challenge raised in this case could have been raised earlier; the Fifth Circuit has found that method-of-execution claims become ripe after the finality of direct review. *See White,* 429 F.3d at 574. As the Fifth Circuit has noted method-of-execution challenges filed after the setting of an execution date may be filed "to seek a delay of his execution, not merely to effect an alteration of the manner in which it is carried out." *Harris*, 376 F.3d at 418.

The Consul General lacks standing to prosecute this action on Resendiz's behalf. This court grants the defendant's motion to dismiss [Doc. # 6] and dismisses the Consul General's Complaint [Doc. # 1] with prejudice.

SIGNED on April 27, 2006, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge

---

[3] The Fifth Circuit has reached similar conclusions in unpublished decisions. *See Kincy v. Livingston*, 2006 WL 775126 (5th Cir. Mar. 27, 2006)*; Hughes v. Livingston*, 2006 WL 637906 (5th Cir. March 14, 2006); *Elizalde v. Livingston*, No. 06-70002 (5th Cir. Jan. 30, 2006).