IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CARLOS GONÁLEZ MAGALLÓN, Consul General of Mexico and Next Friend of Angel Maturino Resendiz Plaintiff, | § § § § § | |
| v. | § § | CIVIL ACTION NO. H-06-818 |
| BRAD LIVINGSTON, *et al.*, Defendants. | § § § § | |

## **ORDER**

The State of Texas plans to execute Angel Maturino Resendiz ("Resendiz") on June 27, 2006. Carlos González Magallón, the Consul General of Mexico ("the Consul General"), filed a civil rights complaint under 42 U.S.C. § 1983 as the "next friend" of Resendiz to challenge lethal injection as used in Texas. This court previously found that the Consul General had no standing to prosecute this action on Resendiz's behalf. On June 16, 2006, the Fifth Circuit agreed and remanded this case to allow Resendiz to join as a party, if he so wished. *Magallón ex rel. Resendiz v. Livingston*, ___ F.3d ___, 2006 WL 1660547 (5th Cir. June 16, 2006). The Fifth Circuit found that Resendiz did not qualify under Federal Rule of Civil Procedure 17(c) as an "incompetent person who does not have a duly appointed representative[.]" The Fifth Circuit noted that "[l]imited as Resendiz's faculties may be, he appears to have the legal capacity to maintain [the] section 1983 action in his own name." The Fifth Circuit remanded for this court to allow a reasonable time to see "if Resendiz chooses to be substituted as the proper plaintiff." On remand, this court ordered Resendiz

to file a motion to substitute by today's date, June 22, 2006.

No motion to substitute has been filed. Instead, Robert C. Owen, who has represented Resendiz on appeal from the denial of his federal habeas petition, filed two motions: a notice of conditional appearance as counsel in charge; and a conditional motion to appoint a Guardian Ad Litem. (Docket Entry Nos. 21, 22). Owen asserts that, due to his mental illness, Resendiz cannot appreciate the implications of the instant lawsuit, is mentally incompetent, and should be represented by a Guardian Ad Litem. Owen states that he cannot ethically make the decision whether Resendiz should prosecute this action himself, and asks this court to appoint the Consul General as Resendiz's Guardian Ad Litem. The motions attempt to relitigate the Fifth Circuit's ruling and ask for relief that exceeds the scope of the mandate.

"The mandate rule is but a corollary to the law of the case doctrine." *United States v. McCrimmon*, 443 F.3d 454, 460 (5th Cir. 2006). "The mandate rule simply embodies the proposition that a district court is not free to deviate from the appellate court's mandate." *Kapche v. City of San Antonio*, 304 F.3d 493, 496 (5th Cir.2002) (citation and internal quotation marks omitted). In other words, "a lower court on remand must implement both the letter and the spirit of the [appellate court's] mandate, and may not disregard the explicit directives of that court." *Id.* (citations and internal quotation marks omitted) (brackets in opinion). "Absent exceptional circumstances, the mandate rule compels compliance on remand with the dictates of a superior court and forecloses relitigation of issues expressly

or impliedly decided by the appellate court." *Fuhrman v. Dretke*, 442 F.3d 893, 897 (5th Cir. 2006)

The Fifth Circuit found Resendiz competent under Rule 17 to litigate this action and it denied Resendiz's motion for rehearing. The specific mandate from the Fifth Circuit does not allow this court to reconsider the question of Resendiz's competency.

The issue of Resendiz's competency to be executed is being litigated in a separate proceeding. The Fifth Circuit remanded this case for a limited purpose—to allow Resendiz an opportunity to substitute in as the real party in the lethal injection challenge. In response, counsel recasts his previous arguments but presents this court with nothing that has not been considered before. The appointment of a Guardian Ad Litem requires a showing of infancy or incompetency under FED. R. CIV. P. 17(c), as does the showing required for the Consul General to appear as "next friend." This court cannot engage in that inquiry without exceeding the scope of the Fifth Circuit's remand.

This court ordered Resendiz to request substitution as the party by June 22, 2006. That deadline is extended to **June 23, 2006.** Failure to file a motion to substitute will be taken as a representation that Resendiz does not wish to pursue the lawsuit initially filed on his behalf by the Consul General.

SIGNED on June 22, 2006, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge

3