IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ANGEL MATURINO RESENDIZ          §
      Plaintiff,          §
                §
v.          §          CIVIL ACTION NO. H-06-CV-818
                §
                §
BRAD LIVINGSTON, *et al.*,          §
      Defendants.          §

### MEMORANDUM AND ORDER

The State of Texas set Angel Maturino Resendiz's ("Resendiz") execution for tomorrow, June 27, 2006. This civil action began on March 10, 2006, when Carlos González Magallón, the Consul General of Mexico ("the Consul General"), filed a civil rights complaint under 42 U.S.C. § 1983 as Resendiz's "next friend." This court previously found that the Consul General had no standing to litigate this action on Resendiz's behalf. The Fifth Circuit agreed and remanded this case to allow Resendiz an opportunity to pursue the claim as a party. *Magallón ex rel. Resendiz v. Livingston*, ___ F.3d ___, No. 06-70023, 2006 WL 1660547 (5th Cir. June 16, 2006). On June 23, 2006, Resendiz filed a motion seeking to be substituted as the plaintiff in this action, which this court granted. (Docket Entry Nos. 25, 26). This court must now consider whether Resendiz's case, which seeks a permanent injunction to bar Texas from using its current lethal injection protocol to carry out his death sentence, requires staying his scheduled execution. (Docket Entry Nos. 27–29).

This is not the first case alleging that the three-drug combination used to carry out

death sentences in Texas violates the Eighth Amendment's prohibition on cruel and unusual punishment.  When this court first considered the Consul General's challenge to the Texas lethal-injection procedure, the Supreme Court had not resolved whether a civil rights action or a habeas petition was the appropriate procedure to bring a method-of-execution challenge. After the Supreme Court's decision in *Nelson v. Campbell*, 541 U.S. 637 (2004), which held that an inmate could use 42 U.S.C. § 1983 to challenge a procedure that a state planned to use to carry out an inmate's execution, inmates throughout the country began filing section 1983 claims challenging different aspects of the lethal injection procedure.

After *Nelson* was decided, the Fifth Circuit refused to consider lethal-injection challenges that inmates raised, without addressing whether such challenges should be brought as habeas or civil rights claims.  The Fifth Circuit held that the cases raising such challenges were brought too late in the legal process to be considered on the merits.  *See Smith v. Johnson*, 440 F.3d 262, 263 (5th Cir. 2006); *Neville v. Johnson*, 440 F.3d 221, 222 (5th Cir. 2006); *White v. Johnson*, 429 F.3d 572, 574 (5th Cir. 2005); *Harris v. Johnson*, 376 F.3d 414, 416 (5th Cir. 2004).[1]  The Fifth Circuit consistently refused to stay an execution if the inmate filed his lethal-injection challenge after Texas had set an execution date, finding that such challenges "seek a delay of [an inmate's] execution, not merely to effect an alteration of the manner in which it is carried out."  *Harris*, 376 F.3d at 418.  These cases

---

[1]     The Fifth Circuit consistently reached similar conclusions in unpublished decisions.  *See Wilson v. Livingston*, No. 06-70018, 2006 WL 1159270 (5th Cir. May 2, 2006); *Kincy v. Livingston*, No. 06-70012, 2006 WL 775126 (5th Cir. Mar. 27, 2006)*; Hughes v. Livingston*, 170 Fed. Appx. 878 (5th Cir. Mar. 14, 2006); *Elizalde v. Livingston*, No. 06-70002, (5th Cir. Jan. 30, 2006) (unpublished order).

made it clear that capital inmates who delay in raising such claims risk their dismissal.

In *Hill v. McDonough*, ___ S. Ct. ___, 2006 WL 1584710 (June 12, 2006), the Supreme Court recently decided that method-of-execution challenges should generally be raised under section 1983 rather than as habeas petitions.  The *Hill* decision confirms that this case is appropriately brought under section 1983.  *Hill* itself, however, by no means requires this court to stay Resendiz's impending execution.  The *Hill* decision cautioned that "courts should not tolerate abusive litigation tactics," particularly when suits are "speculative or filed too late in the day." *Hill*, ___ S. Ct. at ___, 2006 WL 1584710, at *7–8.  The Supreme Court stated that "a stay of execution is an equitable remedy . . . and equity must be sensitive to the State's strong interest in enforcing its criminal judgments without undue interference from the federal courts." *Id.* at *8.  The Supreme Court approvingly cited the Fifth Circuit's dismissal of tardy lethal injection challenges and reemphasized that "[a] court considering a stay must also apply 'a strong equitable presumption against the grant of a stay where a claim could have been brought at such a time to allow consideration of the merits without requiring entry of a stay.' " *Id.* at *8 (quoting *Nelson*, 124 S. Ct. at 650); *see also Reese v. Livingston*, ___ F.3d ___, 2006 WL 1681090, at * 2 (5th Cir. June 20, 2006) (noting the *Hill* Court's citation of Fifth Circuit precedent).

Resendiz has filed a motion for permanent injunction, temporary restraining order, or stay of execution that would bar Texas from using its current procedure to execute him. (Docket Entry No. 27).  The Fifth Circuit treats such a last-minute challenge to the Texas lethal-injection process as a request for a stay of execution.  *See White*, 429 F.3d at 573 ("The

3

principles enunciated by this Court are equally applicable to all types of equitable relief, including permanent injunctions, sought by inmates facing imminent execution."); *Harris*, 376 F.3d at 417–19 (considering an inmate's delay in evaluating the need for a TRO to prevent Texas' use of its lethal-injection procedure).  The *Hill* and *Nelson* cases emphasized two critical factors in evaluating whether a stay of execution should issue:  (1) whether the inmate has delayed unnecessarily in bringing the claim; and (2) whether the inmate shows a significant probability of success on the merits.  *See Hill*, ___ S. Ct. ___, 2006 WL 1584710, at *8; *Nelson*, 124 S. Ct. at 2126.[2]  Fifth Circuit law has focused on the first factor.

The Fifth Circuit has insisted that an inmate asking a federal court to decide whether the State is using a constitutionally permitted means to carry out an otherwise valid death sentence do so early enough in the legal process to allow the decision to be made properly, which cannot be done if the challenge is delayed.  The circuit has explained:

> Timely filing would have afforded opportunity for developing facts and considered resolution of the merits of the repeated charges leveled against this method of execution.  Testimony in open court can cast away shadows and allow a principled decision of the merit of the assertions of all concerned—rather than forcing courts to choose between speculative assertions and "just trust me" responses.

---

[2]  The Fifth Circuit in *Harris* stated that it had "ample reason to doubt whether societal standards of decency have evolved to the point at which [the inmate] claims them to be," thus signaling a skepticism as to whether the lethal-injection challenges could succeed on the merits.  *Harris*, 376 F.3d at 419.  Other circuit courts have dismissed similar challenges by reasoning that the claims are too speculative.  *See Boltz v. Jones*, ___ F.3d ___, No. 06-6184, 2006 WL 1495030, at *1 (10th Cir. June 1, 2006) (finding no likelihood of success on the merits); *Hicks v. Taft*, 431 F.3d 916, 916–17 (6th Cir. 2005) (citing an unpublished decision finding not likelihood of success on the merits).  Although the Fifth Circuit law has not rejected lethal injection challenges as baseless, a significant concern exists as to whether these suits can succeed on the merits.  As the question of Resendiz's failure to assert a timely claim is clear, this court does not rest its decision on the merits of Resendiz's complaint.

4

*Reese*, ___ F.3d at ___, 2006 WL 1681090, at *2.  Simply, "a plaintiff cannot wait until a stay must be granted to enable it to develop facts and take the case to trial—not when there is no satisfactory explanation for the delay."  *Id.*  The circuit has been clear that an inmate cannot delay in raising a means-of-execution challenge and expect the courts to stay the execution to permit the challenge to be fully tried and thoughtfully resolved.

The procedural history of Resendiz's case, analyzed against the Fifth Circuit's case law on when means-of-execution claims, including lethal-injection challenges, must be filed, shows that he should have brought this claim much earlier.  The Court of Criminal Appeals affirmed Resendiz's conviction and sentence on direct review on May 21, 2003.  *Resendiz v. State*, 112 S.W.3d 541 (Tex. Crim. App. 2003).  The Supreme Court denied certiorari review on May 3, 2004.  *Resendiz v. Texas*, 124 S. Ct. 2098 (2004).[3]  On June 30, 2004, the Fifth Circuit issued its first opinion addressing last minute method-of-execution challenges.  In *Harris v. Johnson*, 376 F.3d 414, 417 (5th Cir. 2004), the Fifth Circuit found that an inmate needed to file his method-of-execution challenge when his execution was "an event reasonably likely to occur in the future," not when it was "an imminent or impending danger[.]" *Id.* at 418.  The *Harris* decision, while not establishing an explicit time line, made clear that the Fifth Circuit would not tolerate last minute challenges to the Texas lethal-injection procedure.

Resendiz filed a federal petition for a writ of habeas corpus on May 3, 2005.  After

---

[3]   The Court of Criminal Appeals denied Resendiz's state application for habeas relief on March 3, 2004.  *Ex parte Resendiz*, No. 58172-01, 2004 WL 885742 (Tex. Crim. App. 2004) (unpublished).

this court denied habeas relief on September 7, 2005, and Resendiz failed to file a timely notice of appeal, it was clear that the State would shortly schedule an execution date. Soon thereafter, the Fifth Circuit issued its second opinion on lethal-injection challenges, *White v. Johnson*, 429 F.3d 572 (5th Cir. 2005). In this case, the circuit made it plain that a lethal-injection challenge is ripe—and must be filed—when an inmate's conviction became final on direct review.

In December 2005—a month after the Fifth Circuit's *White* opinion—Texas set Resendiz's execution for May 10, 2006. Resendiz still filed no challenge over the manner in which Texas would carry out the death sentence imposed over three years earlier. In early 2006, the Fifth Circuit repeatedly reconfirmed its intolerance for lethal-injection challenges filed on the eve of execution. *See Smith*, 440 F.3d at 263; *Neville*, 440 F.3d at 222; *Elizalde v. Livingston*, No. 06-70002 (5th Cir. Jan. 30, 2006) (unpublished order). Yet it was not until March 10, 2006, two months before Resendiz's initial execution date, that the Consul General filed this lawsuit. The State of Texas later reset Resendiz's execution date for June 27, 2006.

Throughout the nearly two years between the conclusion of Resendiz's direct appeal and the filing of this action, the Fifth Circuit case law has repeatedly emphasized the need to file timely lethal-injection challenges. Both this court and the Fifth Circuit have found Resendiz able under Rule 17 of the Federal Rules of Civil Procedure to direct his own legal proceedings. Resendiz did not file this case on his own behalf after his case became final on direct review, for nearly two years before his initial execution date. Even after the Consul

6

General initiated this suit for him, Resendiz could have joined the proceeding, averting the need for appellate consideration of the Consul General's standing. Instead, Resendiz did not assert a challenge to the Texas lethal-injection procedure until a scant few days before his scheduled execution date.

The Fifth Circuit case law, binding on this court, leads this court to deny Resendiz's last-minute challenge and accompanying motion to stay. The length of the delay in raising the challenge and the failure to raise it during Resendiz's earlier challenges to his sentence make this case similar to those in which the Fifth Circuit and Supreme Court have allowed executions to proceed. *See, e.g.*, *Reese*, __ F.3d __, 2006 WL 1681090, at *2 (holding that the district court properly dismissed as untimely a lethal-injection challenge filed three years after the plaintiff's direct appeal had become final).

Under Rule 17(a) of the Federal Rules of Civil Procedure, this court must treat Resendiz's case "as if the action had been commenced in the name of the real party in interest." Even assuming that Resendiz had filed this action himself in March 2006, he has long been on notice that federal law would not grant a last-minute stay of execution to permit him to raise claims that he could have raised earlier. Although Resendiz has complained that his first federal habeas attorney was incompetent, this complaint is common to other lethal-injection challenges dismissed as untimely filed. Even when, as here, an inmate's attorney failed to file a lethal-injection challenge until the execution was imminent, the Fifth Circuit (and subsequently the Supreme Court) have consistently refused to stay an execution.

Soon after the conclusion of Resendiz's direct appeal, the Fifth Circuit repeatedly

emphasized the importance of timely filing such actions.  Nevertheless, this case was filed three months after Texas set an execution date.  The belated filing and pursuit of this action has not provided time for any development of Resendiz's claims.  A two-month period, even when later extended by the State, provided insufficient time to resolve the complicated issues raised by Resendiz's pleadings.  Resendiz simply failed to advance this claim in a way that would allow its development without seriously impinging on Texas's right to enforce its constitutionally valid judgment.  As in other similar cases, the extended time with no challenge to the way the State plans to carry out his death sentence shows that Resendiz "seek[s] a delay of his execution, not merely to effect an alteration of the manner in which it is carried out."  *Harris*, 376 F.3d at 418.  The circumstances before this court do not present a compelling case for the exceptional exercise of equity in Resendiz's behalf.  Accordingly, this court denies Resendiz's motion for an injunction, restraining order, or stay of execution.

SIGNED on June 26, 2006, at Houston, Texas.

Lee H. Rosenthal
United States District Judge